1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WENDY APRIL O'BRIEN,                      Case No.  1:21-cv-00479-HBK

12              Plaintiff,                     ORDER GRANTING AWARD AND
                                              PAYMENT OF ATTORNEYS FEES UNDER
13      v.                                     THE EQUAL ACCESS TO JUSTICE ACT[1]

14   KILOLO KIJAKAZI, ACTING                   (Doc. No.  17)
     COMMISSIONER OF SOCIAL
15   SECURITY,

16              Defendant.

17

18          Pending before the Court is the parties' stipulated motion for attorney fees filed on August

19   2, 2022.  (Doc. No. 17).  The parties agree to award attorney's fees and expenses to Plaintiff's

20   attorney, Jonathan O. Peña in the amount of $815.77 pursuant to the Equal Access to Justice Act

21   ("EAJA"), 28 U.S.C. § 2412.  (*Id*.).

22          On May 6, 2022, this Court granted the parties' Stipulated Motion for Voluntary Remand

23   and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for

24   further administrative proceedings.  (Doc. No. 14).  Judgment was entered the same day.  (Doc.

25   No. 15).  Plaintiff now requests an award of fees as the prevailing party.  *See* 28 U.S.C. § 2412(a)

26   & (d)(1)(A); Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v. Schaefer*, 509 U.S.

27   ─────────────────────
     [1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C.
28   §636(c)(1).  (Doc. No.11).

1  292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42

2  U.S.C. § 405(g) is a prevailing party).  The Commissioner does not oppose the requested relief.

3  (Doc. No. 17).

4        The EAJA provides for an award of attorney fees to private litigants who both prevail in

5  civil actions (other than tort) against the United States and timely file a petition for fees.  28

6  U.S.C. § 2412(d)(1)(A).  Under the Act, a court shall award attorney fees to the prevailing party

7  unless it finds the government's position was "substantially justified or that special circumstances

8  make such an award unjust."  *Id*.  Here, the government did not show its position was

9  substantially justified and the Court finds there are not special circumstances that would make an

10  award unjust.

11        Plaintiff requests an award of $815.77 in EAJA fees.  (Doc. No. 17 at 1).  The Court finds

12  an award of $815.77 is appropriate.  EAJA fees, expenses, and costs are subject to any offsets

13  allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 532 U.S.

14  1192 (2010).  If the Commissioner determines upon effectuation of this Order that Plaintiff's

15  EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or

16  otherwise transmitted to Plaintiff's counsel.

17        Accordingly, it is **ORDERED:**

18        1. The parties' stipulated motion for attorney fees and expenses (Doc. No. 17) is

19  **GRANTED**.

20        2. The Commissioner is directed to pay to Plaintiff as the prevailing party EAJA fees in

21  the amount of $815.77 in attorney fees and expenses.  Unless the Department of Treasury

22  determines that Plaintiff owes a federal debt, the government shall make payment of the fees to

23  Plaintiff's counsel, Jonathan O. Peña, in accordance with Plaintiff's assignment of fees and

24  subject to the terms of the stipulated motion.

25  Dated:    August 8, 2022

26                             HELENA M. BARCH-KUCHTA
                           UNITED STATES MAGISTRATE JUDGE

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28